CARLSON HEATING, INC., a domestic corporation,
Plaintiff-Appellant,

v.

Dale ONCHUCK, Defendant-Respondent.

Court of Appeals

*No. 81–235. Submitted on briefs July 14, 1981.—Decided
September 8, 1981.*
(Also reported in 311 N.W.2d 673.)

For the appellant the cause was submitted on the brief of *Michael F. Roe* and *Melby & Schiek, S.C.,* of Rhinelander.

For the respondent the cause was submitted on the brief of *Douglas T. Fox* and *Onchuck & Fox* of Phillips.

Before Foley, P.J., Dean, J., and Cane, J.

CANE, J. Carlson Heating, Inc., appeals from a judgment dismissing its complaint seeking payment for labor and materials furnished to Dale Onchuck. The trial court dismissed the complaint after Carlson's counsel failed to comply with a pretrial order requiring him to furnish Dale Onchuck with a list of all lay and expert witnesses intended to be called at trial. Onchuck timely furnished his list of lay and expert witnesses to Carlson's counsel.

Carlson raises two issues on appeal:

I  Does the trial court have the authority at the time of pretrial to order the parties to exchange the names of the lay witnesses they intend to call at trial?

II  Did the trial court abuse its discretion by entering its order prohibiting Carlson from offering any testimony at the trial and dismissing the complaint upon its merits?

At a July 10, 1980, pretrial conference, the court ordered that the parties exchange, by October 15, 1980, a list of all lay and expert witnesses they intended to call at trial. The court's written order further provided:

"Failure to comply with the terms of this order shall be considered cause for imposing sanctions which may in-

clude dismissal, default judgment, contempt, money terms, orders limiting or barring the presentation of testimony or introduction of evidence at trial, or a combination thereof, or any such added and further sanctions as the Court may deem appropriate."

On November 17, 1980, Onchuck, not having received any list of witnesses, filed and served his motions for sanctions against Carlson for its failure to designate witnesses in compliance with the pretrial order. A hearing on this motion was scheduled for December 1, 1980. During the interim, Carlson's counsel again did not name his lay witnesses to be called at the trial.

At the December hearing, counsel for Carlson stated that he had not been aware of the order requiring him to disclose the identity of the lay witnesses since his partner had participated in the pretrial conference. In addition, he had not read the pretrial order until receiving the November 17, 1980, motions. Counsel stated that he had not intended to call any expert witnesses and had inadvertently failed to realize that the required disclosure included lay witnesses.

The trial court found that counsel's failure to comply with the pretrial order was not a justifiable excuse and granted Onchuck's motions barring Carlson from calling any witnesses or presenting any testimony to support the claims made in the complaint. Because Carlson could not prove its claim without witnesses, the court dismissed the complaint with prejudice.

I

On this appeal, we first determine whether the pretrial order requiring the parties to furnish a list of the lay witnesses they intended to call at trial is proper and lawful. The authority of trial courts to make such a rule has been discussed at legal seminars in Wisconsin, but

has received little attention in the appellate courts. Consequently, the practice of trial courts to order the exchange of the names of lay witnesses varies widely throughout the courts in Wisconsin.

Carlson contends that the trial court had no authority to require the names of lay witnesses to be exchanged and, therefore, the order of dismissal should be set aside. Section 802.11(1), Stats.,[1] provides in part:

In all contested civil actions . . . the judge shall . . . direct the attorneys for the parties to appear before the judge for a pretrial conference to determine whether an order should be entered on any or all of the following matters:

. . . .

(d) Limitation of the number of expert witnesses and the exchange of the names of expert witnesses;

. . . .

(m) Such other matters as may aid in the disposition of the action.

Carlson argues that since Rule 802.11(1)(d) expressly provides for the exchange of names of expert witnesses, the power of the trial court to order exchange of lay witnesses' names is specifically excluded. In support of this contention, Carlson cites *Gottlieb v. City of Milwaukee*, 90 Wis. 2d 86, 279 N.W.2d 479 (Ct. App. 1979). The decision supports the rule of legislative interpretation that a statute, which expresses one thing, is exclusive of another. That rule, however, does not apply here.

Rule 802.11(1)(m) provides that the judge may enter an order on such other matters as may aid in the disposition of the action. It was clearly not the intent of the

---

[1] It should be noted that chs. 801 to 807 are not legislative acts, but Wisconsin Rules of Civil Procedure promulgated by the Wisconsin Supreme Court under its inherent and implied power and also under the specific rule-making authority prescribed by sec. 251.18, Stats., (renumbered 751.12). Wis. Sup. Ct. Order, 67 Wis. 2d 587, effective January 1, 1976.

supreme court to restrict the power of the trial judge to the items listed specifically. The Judicial Council Committee's Note [1974], *reprinted in* W.S.A. § 802.10, at 864 (West 1976), stated: "Sub. (2) (a) is more explicit than s. 269.65 in listing the matters which should be considered at the pretrial conference. The expanded list should not be considered exhaustive." The rule's specific reference to the exchange of names of expert witnesses does not restrict the power of the trial court from ordering the exchange of law witnesses' names.

Although there are no Wisconsin cases deciding this issue, this particular rule is substantially the same as Fed. R. Civ. P. 16, which Wisconsin followed when adopting its rules of civil procedure. *Wirtz v. Hooper-Holmes Bureau, Inc.*, 327 F.2d 939 (5th Cir. 1964), is helpful to our decision of this issue.[2]

*Wirtz* involved the construction of a local rule promulgated pursuant to Fed. R. Civ. P. 16. Rule 16 sets forth a list of items to be considered similar to our Rule 802.11(1)(a) through (m). Rule 16 provides for the limitation of the number of expert witnesses, as does our rule, but is silent on the court's authority to order disclosure of names of lay witnesses. The last item under

---

[2] Under Wisconsin law, statutes that have received judicial construction in another state and then have been adopted by Wisconsin are taken with the construction that has been given to them. The same rule applies when Wisconsin adopts language of federal statutes that have been construed by the United States Supreme Court. The same result should be obtained with respect to rules of procedure promulgated by the United States Supreme Court. While we are not obligated to follow decisions of the United States Courts of Appeals, to the extent that they show a pattern of construction they should be considered persuasive authority in construing rules of Wisconsin Civil Procedure that are based on federal rules. Clausen and Lowe, *The New Rules of Civil Procedure: Chapters 801 to 803*, 59 Marq. L. Rev. 1 (1976).

Rule 16 is identical in language to Wisconsin's Rule 802.11(1)(m).

In *Wirtz,* the trial court had dismissed a complaint when the Secretary of Labor failed to furnish a list of all witnesses pursuant to a pretrial order. The Fifth Circuit Court of Appeals concluded that the trial court had the inherent power to prescribe a rule requiring the exchange of names of all witnesses for the conduct of the court's business.

In this case, we determine that at the time of pretrial, the trial court has both the inherent power and the authority under Wisconsin Supreme Court Rule 802.11(1)(m) to order the parties to exchange names of lay witnesses they intend to call at trial. Wisconsin has abandoned the concept of "trial by ambush" where neither side of the lawsuit knows until the actual day of trial what the other side will reveal in the way of witnesses or facts. The former system may have been one of great sport and mystery, but is hardly defensible as a means to determine the truth. Adequate preparation for trial by counsel with full knowledge of the facts before them will result not only in a more orderly trial, but in many cases will result in counsel reevaluating their cases so as to avoid needless trials.[3]

The trial courts must have the authority to require each side to reveal in a timely manner the names of their lay witnesses in order to aid in the prompt and fair disposition of cases before them. As stated in *Latham v. Casey & King Corp.,* 23 Wis. 2d 311, 314, 127 N.W.2d 225, 226 (1964), "[t]he general control of the judicial business before it is essential to the court if it is to func-

---

[3] *See Wirtz v. Hooper-Holmes Bureau, Inc.,* 327 F.2d 939 (5th Cir. 1964), for a discussion on the trial court's inherent powers.

tion." Every court has inherent power, exercisable in its sound discretion, consistent within the constitution and statutes, to control disposition of causes on its dockets with economy of time and effort. *See also State v. Braunsdorf,* 98 Wis. 2d 569, 297 N.W.2d 808 (1980) and *Jacobson v. Avestruz,* 81 Wis. 2d 240, 260 N.W.2d 267 (1977), where our supreme court discusses the doctrine of inherent powers.

## II

Carlson contends that the trial court abused its discretion by ordering the dismissal of the complaint. Upon review, we will not set aside a discretionary order unless it is apparent that it was exercised arbitrarily or on the basis of completely irrelevant factors. *Behning v. Star Fireworks Mfg. Co.,* 57 Wis. 2d 183, 189, 203 N.W.2d 655, 659 (1973). We conclude that the court did not abuse its discretion. *Trispel v. Haefer,* 89 Wis. 2d 725, 733, 279 N.W.2d 242, 245 (1979). The burden is on the aggrieved party to show a timely, clear, and justifiable explanation for his noncompliance.

The trial court found that Carlson's failure to comply with the pretrial order was without justifiable excuse. Carlson had more than ample opportunity and notice to designate its lay witnesses. Counsel failed to request an extension of time to comply with the order not only after receiving opposing counsel's list of witnesses, but also after having been alerted by Onchuck's motion. It was not until the December 1, 1980, hearing that counsel attempted to comply. The record supports the trial court's finding that counsel's failure to comply was inexcusable.

On first impression, the trial court's order to dismiss the complaint on the merits appears to be harsh. Yet, if

pretrials are to be of use in expediting court proceedings and assuring proper administration of justice, the trial court must be firm in enforcing its orders. The court gave notice to counsel that noncompliance with the pretrial order shall be considered cause for dismissal on the merits. The dismissal of an action where counsel fails to comply with an important term of a pretrial order without justifiable excuse is not an extreme measure if the trial courts are to be encouraged to facilitate and expedite the trials of their cases. Accordingly, we hold that the trial court's order dismissing Carlson's claim was not an abuse of discretion in light of counsel's inexcusable failure to comply with the pretrial order.

*By the Court.*—Judgment affirmed.