DOMAIN INDUSTRIES, INC., and Nordson Corporation, Plaintiff-Respondents and Cross-Appellants,†

v.

David W. THOMAS, Barbara Ann Janisch, and Elmer R. Janisch, Defendants-Appellants and Cross-Respondents.†

Court of Appeals

*No. 83–041. Submitted on briefs January 16, 1984.—*
*Decided February 21, 1984.*
(Also reported in 345 N.W.2d 516.)

---

† Petitions to review and cross-review denied.

For the appellants the cause was submitted on the joint brief of *David O'Connor* and *John Flanagan* of Woodbury, Minnesota, and *William Radosevich* of Hudson.

For the respondents and cross-appellants the cause was submitted on the brief of *Gary L. Bakke* and *Doar, Drill & Skow, S.C.*, of New Richmond.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.   David W. Thomas, Barbara Ann Janisch, and Elmer R. Janisch (minority shareholders) appeal part of a judgment awarding them $46,000 in attorney fees. They argue that the trial court erroneously concluded that it could only award attorney fees on an hourly rate, and that it abused its discretion by reducing the hourly rate. Domain Industries and Nordson Corporation cross-appeal, arguing that the trial court was not

authorized to award attorney fees. Domain and Nordson also argue that the trial court abused its discretion by awarding excessive expert fees. Because the trial court acted without authority, we reverse the award of attorney fees for the minority shareholders and remand this matter with directions to the trial court to vacate that part of the judgment. Because Nordson has failed to demonstrate that the trial court abused its discretion, we affirm that part of the judgment awarding the minority shareholders $21,598 in expert fees.

The minority shareholders objected to a plan to merge Domain with a subsidiary of Nordson that proposed to pay $28 per share for their Domain stock. Pursuant to sec. 180.72, Stats., Domain and Nordson commenced this action to determine the fair value of the minority shareholders' stock.

The trial court determined the fair value to be $32.80 per share for a total difference of $10,447.20 between Domain and Nordson's offer and the fair value of the minority shareholders' stock. The trial court also awarded the minority shareholders attorney fees and expert fees.

## ATTORNEY FEES

Attorney fees are not recoverable in Wisconsin unless specifically provided for by statute or contract, *Murray v. Holiday Rambler, Inc.*, 83 Wis. 2d 406, 435, 265 N.W. 2d 513, 527 (1978), or unless they have been incurred through litigation with other parties resulting from a wrongful act by the opponent in the case in which they are sought, *Kohlenberg v. American Plumbing Supply Co.*, 82 Wis. 2d 384, 399, 263 N.W.2d 496, 503 (1978). Since there are statutes that specifically provide for attorney fees, power to award such fees is not implied from

statutes that authorize other forms of relief. *See City of Beloit v. Towns of Beloit, Turtle and Rock,* 47 Wis. 2d 377, 393, 177 N.W.2d 361, 370–71 (1970).

Section 180.72(8), Stats.,[1] governs the award of costs and expenses in this action. The statute does not specifically authorize the award of attorney fees and expressly excludes them from the calculation of certain expenses. The trial court construed the exclusion as preventing only an award of attorney fees to a corporation prevailing against shareholders refusing in bad faith to accept a corporate offer. The trial court appears to have concluded that, except for this narrowly construed exclusion, the authorization of attorney fees is necessarily implied in subsection (8) to enable the minority stockholders to obtain the necessary legal services and effectuate the purpose of sec. 180.72.

Section 180.72(8) does not authorize recovery of attorney fees. The trial court's conclusion that sec. 180.72

---

[1] Section 180.72(8), Stats., provides:

The costs and expenses of any such proceeding shall be determined by the court and may be assessed against the corporation, but all or any part of such costs and expenses may be apportioned and assessed as the court may deem equitable against any or all of the objecting shareholders who are parties to the proceeding to whom the corporation shall have made an offer to pay for the shares if the court shall find that the action of such shareholders in failing to accept such offer was arbitrary or vexatious or not in good faith. Such expenses shall include reasonable compensation for and reasonable expenses of the appraisers, but shall exclude the fees and expenses of counsel for and experts employed by any party; but if the fair value of the shares as determined materially exceeds the amount which the corporation offered to pay therefor, or if no offer was made, the court in its discretion may award to any shareholder who is a party to the proceeding such sum as the court may determine to be reasonable compensation to any expert or experts employed by the shareholder in the proceeding.

authorizes an award of attorney fees by necessary implication rests on its assumption that ordinary investors would be unable to exercise their rights under that statute unless attorney fees were recoverable. In *Murray*, 83 Wis. 2d at 435–36, 265 N.W.2d at 527–28, however, the supreme court refused to indirectly authorize the recovery of attorney fees not expressly provided for by the Uniform Commercial Code. Consumers, as a class, are no better able to afford representation to exercise their rights than are minority shareholders. In addition, the legislature is presumed to have acted with full knowledge of the general rule that attorney fees are not recoverable unless expressly authorized by statute. *See Glinski v. Sheldon*, 88 Wis. 2d 509, 519–20, 276 N.W.2d 815, 820 (1979).

## EXPERT FEES

A trial court's discretionary decisions will be affirmed on appeal if there is any reasonable basis to sustain them. *Gooch v. Gooch*, 107 Wis. 2d 704, 711, 321 N.W.2d 354, 358 (Ct. App 1982). This court will not set aside a discretionary order unless it is apparent that it was exercised arbitrarily or on the basis of completely irrelevant factors. *Carlson Heating, Inc. v. Onchuck*, 104 Wis. 2d 175, 181, 311 N.W.2d 673, 676 (Ct. App. 1981). The party alleging abuse of discretion has the burden of clearly demonstrating it before an appellate court will reverse a trial court's exercise of discretion. *Colby v. Colby*, 102 Wis. 2d 198, 207–08, 306 N.W.2d 57, 62 (1981).

Domain and Nordson characterize the expert fees awarded to the minority shareholders as excessive. Domain and Nordson, however, do not argue that the appraisers overcharged for their services. They argue that

the award of expert fees exceeding the $10,447.20 difference between their offer and the trial court's finding of the stock's fair value was inequitable and an abuse of discretion. They cite *Dimmock v. Reichhold Chemicals, Inc.,* 360 N.E.2d 1079 (N.Y. 1977), in support of their argument. We note, however, that the appellate court in *Dimmock* upheld the trial court's exercise of discretion to deny expert fees that amounted to nearly as much as the total difference between the corporation's offer and the fair value found. *Dimmock* does not hold that to award expert fees in that magnitude is an abuse of discretion, only that to deny them is not an abuse.

The terms of sec. 180.72(8) indicate that the legislature intended to encourage minority shareholders with legitimate objections to corporate stock purchase offers to exercise their rights under the statute by expressly authorizing recovery of reasonable expenses for retaining experts to establish the fair value of their stock. We will not undermine this policy by holding that simply because such expenses exceed other recovery they are unreasonable and may not be awarded. Domain has failed to demonstrate that the trial court's award of expert fees was an abuse of discretion.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded with directions. No costs.

FOLEY, P.J. (dissenting). I would not award any expert fees. Although the fees may be reasonable, incurring them was unreasonable. They exceeded the potential recovery, and their allowance more than triples the recovery. Although minority shareholders are entitled to reasonable protection, courts should not extend this protection to the point of unreasonable abuse of the corporation or the remaining shareholders. I see an abuse when a small minority of shareholders with a

potential recovery of $21,000 based on their evidence, incur attorney fees of over $200,000 and expert fees of over $21,000 plus taxable costs for a recovery of $10,000. The offer in this case was not so unreasonable as to warrant this action or these expenses.