Roman G. HAACK, Plaintiff-Respondent, †

v.

Robert L. TEMPLE, M.D., and Wisconsin Patients Compensation Fund, Defendants-Appellants.

Court of Appeals

*No. 88–1117. Submitted on briefs March 8, 1989.—Decided May 4, 1989.*

(Also reported in 442 N.W.2d 522.)

† Petition to review denied.

For the plaintiff-respondent the cause was submitted on the briefs of *Schulz, Schapekahm & Eiche, S.C.* by *Richard H. Schulz* and *Penelope D. Hillemann,* of Milwaukee.

For the defendants-appellants the cause was submitted on the briefs of *Law Offices of David E. Blom, S.C.* by *David E. Blom,* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

MOSER. P.J.   Robert L. Temple, M.D. (Temple) appeals from a judgment affirming a jury verdict which found that he injured Roman G. Haack (Haack) while administering anesthesia to Haack prior to Haack's shoulder surgery. We conclude that the trial court committed reversible error during the course of trial proceedings by excluding certain evidence and thereby substantially affecting Temple's right to present a defense to the claims against him. Therefore, we reverse the judgment and remand the cause for proceedings consistent with this opinion.

On March 3, 1982, Haack underwent shoulder surgery. He subsequently suffered neck and facial nerve damage, and claimed that his injuries resulted from struggling with Temple when he awoke while on the operating table and while Temple was administering

anesthesia to him. A complaint was filed with the Wisconsin Patients Compensation Fund (Fund). After a review by the Fund, a complaint was filed with the circuit court on October 10, 1986. Haack claimed: (1) permanent and disabling neck and facial nerve damage; (2) past and future pain and suffering; (3) past and future loss of earning capacity; and (4) past and future medical expenses.

During the course of pretrial proceedings, Haack filed his list of witnesses on May 15, 1987. Diane Shenefeld, R.N. (Shenefeld) was listed as an "expert witness." Shenefeld was Haack's attending nurse prior to, during, and after his surgery. Temple's list of witnesses was filed on November 3, 1987, and included the following:

1. Dr. Eugene Sinclair
2. Dr. Joseph Cusick
3. Dr. Gerald Zupnik
4. Dr. John P. Conomy
5. All physicians, psychologists, psychiatrists and any other expert type witnesses that have examined, treated or evaluated Roman Haack at any time; [and]
6. Any other expert or lay witness called by any party in this proceeding.

During the jury trial, Temple sought the testimony of Shenefeld. Shenefeld had been subpoenaed and was present in court at the time. However, the trial court would not allow her to testify. The judge stated:

Well, I am looking at the witness list of [Temple's counsel]. He doesn't name Diane Shenefeld. And if I mispronounced the lady's name, please forgive me. The only pertinent paragraph is number six: any other expert or lay witness called by any party in this

> proceeding. Now, it's true that the plaintiff has listed Diane Shenefeld as an expert witness; but he didn't call her. Therefore, I will not permit her to testify.

The court further supported its decision by stating that Shenefeld's testimony would unfairly surprise Haack.

The court did allow portions of a prior deposition of Shenefeld to be read to the jury. At that deposition, she stated that she was Haack's attending nurse, and that her review of the hospital records she logged indicated nothing unusual about the surgery. However, while Haack's counsel was present at the deposition, counsel for Temple was not, and was thus unable to cross-examine Shenefeld and explore certain areas which were pertinent at trial, but were not covered at the deposition.

Temple also attempted to play a videotaped deposition for the court and jury. Temple's counsel had participated in this deposition, which was taken of Haack's surgeon, Dr. McWhirter (McWhirter). Apparently, McWhirter traveled to Wisconsin from South Dakota to answer questions regarding certain hospital records of Haack's surgery. Shenefeld's deposition, as read into the trial record, indicates that McWhirter was not present in the operating room while Haack was anesthetized or intubated. However, while the videotape is not a part of the record before this court, the arguments at trial and appellate briefs of counsel indicate that in his taped deposition, McWhirter does not recall any unusual event occurring during Haack's surgical procedure.

Haack's counsel objected to playing the videotaped deposition, arguing that McWhirter was not properly listed as a witness, Haack had not properly authorized the deposition, and that prior to the deposition, Temple's counsel had improperly conversed with McWhirter, in violation of the mandate of *State ex rel. Klieger v.*

712

*Alby.*[1] Temple's counsel responded:

> A notice of witnesses was filed timely. Item number 5, itemized a list of witnesses to be called in the nature of treating physicians and Dr. McWhirter—
>
> . . .
>
> I think I read it into the evidence previously on the record. Two, there was authorization and on the video tape Dr. McWhirter states it was sent to him. He did not bring it with him to the video deposition, and three, Dr. McWhirter arrived early. He admitted that in the deposition, and he was acquainted with the process; that is, the videoing of the deposition, where it was going to be taking place, that he was advised that he could look at the records and documents so that he could testify truthfully.
>
> . . .
>
> The deposition is approximately 15, 18 minutes, something like that, it's a video, and I believe that there was an understanding that the only time I ever spoke to Dr. McWhirter was on the day of the deposition. There was medical authorization given. We tracked down Dr. McWhirter in South Dakota or wherever he was and rather than travel to North Dakota to take his deposition, he preferred to come to Milwaukee. That's fine with us. He did come. He arrived early at the deposition. I had the medical records there. I told Dr. McWhirter what was going to transpire, video deposition. He was going to be asked questions. He was to give answers. He was to answer truthfully and answer all of the questions put to him of the medical records there. If he wants to look at them and review—and I'm g-ing [sic] to walk through the procedure what he did, what he perceived, what he saw and what he knew. That is the sum and substance of what took place. He arrived

---

[1] 125 Wis. 2d 468, 373 N.W.2d 57 (Ct. App. 1985).

early at my office. [Haack's counsel] in his questioning is trying to put it into a different perspective. I never spoke to him beforehand. I never talked to him on the telephone. I never arranged the meeting, although this video deposition was arranged by a paralegal. I thought it was on stipulation, and I think if you view the deposition all Dr. McWhirter states: I was a surgeon, I did a procedure, explains the procedure and walks through it, and that's not really an issue in this case; but it's someone that I said I would call as a witness in naming the experts. I named all treating physicians or someone along that line, and that covers Dr. McWhirter. I think this is a hole that has to be filled.

In denying Temple's request to present the videotape of McWhirter's deposition, the court stated:

> I want the record to be clear on this, too. Here is the way the record goes. First of all, the doctor should be named. I have no evidence he was named. Secondly, I haven't seen an authorization or a copy of it. I don't know if it limits or not. Thirdly, you could have got it by applying to the Court. I don't see any application to the Court. Fourthly, in view of the case law on this, the Klieger case, 125 Wis. 2d 468, it would be error to permit this. Next, we have the patient physician privilege which isn't waived. The discovery doesn't include informal or ex parte conferences.

A special verdict representing the jury's findings was entered on March 9, 1988. The jury concluded that: (1) Temple was negligent in his care and treatment of Haack; (2) Temple's negligence was a cause of Haack's injuries; and (3) $250,000 was fair and reasonable compensation for Haack's past and future injury and wage loss.

Temple appeals from this judgment, arguing that the exclusion of the testimony of McWhirter and Shenefeld was reversible error. Temple accordingly seeks a retrial on the issues of negligence and causation. Temple raises other issues before this court, but as the following will illustrate, our resolution of the above issue is dispositive of this appeal.

## STANDARD OF REVIEW

The focus of our review is the trial court's decision to exclude the live testimony of Shenefeld and the video-taped deposition of McWhirter from admission into evidence. The standard of review for an evidentiary ruling is whether the trial court abused its discretion.[2] Such a discretionary act will be sustained only where the trial court examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach.[3]

## ADMISSION OF TESTIMONY

Temple first claims that the trial court abused its discretion and committed prejudicial error by refusing to allow Shenefeld to testify. Section 901.03(1)(b), Stats., provides that in order to assert an error in the exclusion of evidence, the aggrieved party must establish that (1) a substantial right has been affected, and (2) the substance of the evidence was either made known to the trial court via an offer of proof, or apparent from the context of prior questions asked by counsel. The substantial right

[2] *Imark Indus., Inc. v. Arthur Young & Co.,* 141 Wis. 2d 114, 131, 414 N.W.2d 57, 64 (Ct. App. 1987).

[3] *Loy v. Bunderson,* 107 Wis. 2d 400, 414–15, 320 N.W.2d 175, 184 (1982).

here affected was Temple's right to fully present a defense, and the significance of Shenefeld's testimony is inherent in her position as Haack's attending nurse prior to, during and after his shoulder surgery.

The basis of the trial court's refusal to allow Shenefeld's testimony was its conclusion that she was not properly listed as a witness by Temple, and that her testimony would be an unfair surprise to Haack. In Wisconsin, trial courts have the authority to order parties to exchange the names of both the expert and lay witnesses they intend to call at trial.[4] "Wisconsin has abandoned the concept of 'trial by ambush' where neither side of the lawsuit knows until the actual day of trial what the other side will reveal in the way of witnesses or facts."[5] The aim of informing opposing parties of potential witnesses is to aid in the prompt and fair disposition of cases.[6] We conclude that no violation of the dictates of *Onchuck* occurred in this case, and that the trial court was therefore in error for excluding Shenefeld's testimony.

Shenefeld was Haack's attending nurse. Haack's counsel specifically listed her as an "expert witness" he intended to call at trial. Temple's counsel clearly indicated that he reserved the right to call any "expert type witnesses that have examined, treated or evaluated Roman Haack at any time," and "[a]ny other expert or lay witness called by any party in this proceeding." Haack's counsel had examined Shenefeld at the prior deposition, and she was thus not a "surprise" witness, who would "ambush" his case. Shenefeld was properly

---

[4] *Carlson Heating, Inc. v. Onchuck,* 104 Wis. 2d 175, 179–80, 311 N.W.2d 673, 676 (Ct. App. 1981).

[5] *Id.* at 180, 311 N.W.2d at 676.

[6] *Id.*

subpoenaed and present in court at the time she would have been called to testify. From the portions of her deposition which were read into the record, it is apparent that Shenefeld, as attending nurse, could provide the trier of fact with much information regarding the circumstances surrounding Haack's surgery. We conclude that the trial court was unreasonable and abused its discretion in excluding her live testimony.

## ADMISSION OF VIDEOTAPED DEPOSITION

Temple next claims that the trial court abused its discretion and committed prejudicial error by refusing to allow him to present McWhirter's videotaped deposition to the court. Temple argues that under sec. 901.03(1)(b), Stats., the exclusion of the deposition of Haack's surgeon affected his right to fully present his defense.

The trial court refused to admit McWhirter's deposition because: (1) the doctor was not named as a witness; (2) Haack did not authorize the deposition; and (3) the conversation which purportedly occurred between McWhirter and Temple's counsel before Haack's counsel arrived at the deposition violated the mandate of *Klieger*. First, we note that the doctor was named as a witness, pursuant to paragraphs 5 and 6 of Temple's list of witnesses. Haack's counsel had participated in the deposition, and so like Shenefeld, McWhirter cannot be characterized as a "surprise" witness under *Onchuck*. As for Haack's authorization for the deposition, Temple claimed that during the deposition, McWhirter stated he received the proper written documents. Thus, we resolve this question by determining whether the deposition was properly excluded.

While the videotape of the deposition was not made part of the record before this court, the arguments of

counsel at trial, along with their briefs, present us with the gist of the conversation that allegedly violated the *Klieger* rule, and thus caused the court to deny admission of the videotape at trial. Apparently, McWhirter arrived early for the deposition, and Haack's counsel had not yet arrived. Temple's counsel acquainted McWhirter with the mechanics of a videotaped deposition, and told the doctor that "he could look at the records and documents so that he could testify truthfully." Counsel also informed McWhirter that he would be walking the doctor "through the procedure" asking "what he did, what he perceived, what he saw and what he knew."

*Klieger* applies to private conversations between an attorney and a party's physician which are outside the scope of allowable discovery.[7] Simply, only the party/ patient may waive or authorize another person to waive the physician-patient privilege he maintains pursuant to sec. 905.04, Stats.[8] Among the private conversations disallowed by *Klieger* are those which relate to the substance of a medical case, i.e., hospital records, treatment records, and physician opinions and insights. However, *Klieger* cannot be read to disallow conversations like the one involved here, where counsel merely described for the doctor the mechanics of the deposition that was about to take place. Therefore, it was error for the court to exclude McWhirter's deposition on the basis that it violated the *Klieger* rule.

*By the Court.*—Judgment reversed and cause remanded for proceedings consistent with this opinion. A retrial on the issues of negligence and causation is mandated, but a retrial on the issue of damages will only be required if the trial court deems the testimony of

[7] *Klieger,* 125 Wis. 2d at 473, 373 N.W.2d at 60.
[8] *Id.* at 474, 373 N.W.2d at 60-61.

Shenefeld and the deposition of McWhirter relevant to that issue.