Stephen E. LEE, Petitioner-Appellant,

v.

LABOR & INDUSTRY REVIEW COMMISSION, Respondent-Respondent.

Court of Appeals

*No. 95–0797. Submitted on briefs April 10, 1996.—Decided May 21, 1996.*

(Also reported in 550 N.W.2d 449.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Stephen E. Lee, pro se.*

On behalf of the respondent-respondent, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *David C. Rice*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

FINE, J. Stephen E. Lee appeals from an order dismissing without prejudice his petition for a Chapter 227 review of a determination by the Labor and Industry Review Commission that Riteway Bus Service's refusal to hire him as a school bus driver did not unlawfully discriminate against him. Although Lee has not provided this court with a transcript of the trial court's oral decision, the parties do not dispute that the trial court dismissed Lee's action because he did not file a brief as the trial court had ordered.[1] The only issue presented on this appeal is whether the trial court can require that briefs be filed in actions seeking review of an administrative agency's determination, and, if so, whether the trial court may dismiss the action if the party seeking review of the agency determination does not file a brief. We affirm.

Section 227.57, STATS., provides that judicial review of an administrative agency's decision "shall be conducted by the [circuit] court without a jury and shall be confined to the record."[2] Lee argues that this

---

[1] It is the appellant's burden to ensure that the record is sufficient to address the issues raised on appeal. *State Bank of Hartland v. Arndt*, 129 Wis. 2d 411, 423, 385 N.W.2d 219, 225 (Ct. App. 1986); *see* RULE 809.15(1)(a)6, STATS. (The record on appeal shall include the "[o]pinion of the [trial] court.").

[2] Section 227.57(1), STATS., also provides that the circuit court may take testimony if the petition for judicial review

prevents the circuit court from requiring that the parties submit briefs. We disagree.

■

Chapter 227, STATS., "provides a comprehensive, fully defined, procedure for judicial review," *Wisconsin's Environmental Decade, Inc. v. Public Serv. Comm'n*, 79 Wis. 2d 161, 170, 255 N.W.2d 917, 923 (1977), and "judicial review of 'decisions and orders of administrative agencies' must be had 'as set forth in ch. 227,' " *Metropolitan Greyhound Mgmt. Corp. v. Wisconsin Racing Bd.*, 157 Wis. 2d 678, 697–698, 460 N.W.2d 802, 810 (Ct. App. 1990) (citation omitted). Nevertheless, Chapter 227 declares: "Compliance with this chapter does not eliminate the necessity of complying with a procedure required by another statute." Section 227.02, STATS. Of course, that "procedure required by another statute" must not violate Chapter 227. *State v. Walworth County Circuit Court*, 167 Wis. 2d 719, 723, 482 N.W.2d 899, 901 (1992). Stated another way, statutes and rules governing civil actions in the circuit court apply to Chapter 227 reviews as long as those provisions do not conflict with Chapter 227. *Metropolitan Greyhound Mgmt.*, 157 Wis. 2d at 698, 460 N.W.2d at 811.

■

Inherent powers "logically derive from responsibilities." Forrest McDonald, NOVUS ORDO SECLORUM 149 (1985). "The courts established by the constitution have the powers which are incidental to or which inhere in judicial bodies, unless those powers are expressly limited by the constitution." *State v. Cannon*, 199 Wis. 401, 402, 226 N.W. 385, 386 (1929). Thus, courts have the inherent power to facilitate the effi-

---

alleges "irregularities in procedure before the agency." This exception does not apply here.

cient conduct of judicial business. *Carlson Heating, Inc. v. Onchuck*, 104 Wis. 2d 175, 180–181, 311 N.W.2d 673, 676 (Ct. App. 1981).

Judges, unlike Athena, do not come into this world fully armed—either with knowledge or wisdom.[3] Judges need the parties' assistance in all contested disputes, including Chapter 227 reviews. The administrative record in this case is approximately an inch thick. Requiring the parties to file briefs designating those portions of the record as well as legal authority that support their contentions is well within the circuit court's inherent authority. Accordingly, the circuit court had the inherent power to require the parties to this Chapter 227 review to file briefs.[4] We now turn to the circuit court's authority to dismiss the case because Lee did not file a brief.

"A circuit court's decision to dismiss an action is discretionary"; it will not be disturbed on appeal unless the circuit court erroneously exercised that discretion. *Johnson v. Allis Chalmers Corp.*, 162 Wis. 2d 261, 273, 470 N.W.2d 859, 863 (1991). Circuit courts have both

---

[3] Athena was one of the Greek divinities. Prior to her birth, Zeus swallowed her mother, Metis, and Athena sprang from Zeus's head in a complete set of armor. E.H. Blakeny and John Warrington, SMALLER CLASSICAL DICTIONARY 48 (1958). Athena "was the personification of wisdom." *Id.*, at 49.

[4] RULE 802.10(3), STATS., which permits the circuit court to issue a scheduling order, does not apply to "appeals taken to circuit court." RULE 802.10(1), STATS. This provision does not, therefore, apply here. By the same token, the pretrial order permitted by RULE 802.11(4), STATS., which would encompass the "[f]iling and exchanging of trial briefs," RULE 802.11(1)(L), STATS., envisions that the order be issued after the holding of a pretrial conference. The record does not reflect that a pretrial conference was held in this case.

statutory authority and the inherent authority to dismiss an action if the party seeking judicial relief fails to obey court orders. *Id.*, 162 Wis. 2d at 274–275, 470 N.W.2d at 863–864. As noted above, "the provisions governing civil actions in the circuit court apply to Chapter 227 reviews as long as those provisions do not conflict with Chapter 227." RULE 805.03, STATS., is such a provision. It gives the circuit court authority to dismiss an action if, *inter alia*, a "claimant" fails to prosecute his or her action, or if any party fails "to obey any order of court." A dismissal, however, is warranted only if the failure to comply with the court's order is "egregious." *Johnson*, 162 Wis. 2d at 275, 470 N.W.2d at 864. A party's failure to comply with a court order is "egregious" unless the defaulting party shows " 'clear and justifiable excuse' " for the failure. *Id.*, 162 Wis. 2d at 275–276, 470 N.W.2d at 864 (citation omitted). Rather than attempting to make that showing, Lee contended that the circuit court's briefing schedule was unlawful.[5] Under these circumstances, we cannot conclude that the circuit court erroneously exercised its discretion in dismissing Lee's Chapter 227 review petition.

*By the Court.*—Order affirmed.

---

[5] Lee sought mandamus unsuccessfully from this court "suspend[ing]" what he characterized as the circuit court's "unlawful briefing schedule."