Valarie Lᴇᴇ, Plaintiff-Respondent,

v.

GEICO Iɴᴅᴇᴍɴɪᴛʏ Cᴏᴍᴘᴀɴʏ and Ceree King,
Defendants-Appellants.

Court of Appeals

*No. 2008AP3125. Submitted on briefs August 4, 2009.
—Decided September 29, 2009.*

2009 WI App 168

(Also reported in 776 N.W.2d 622.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *L. Nicole Kintop* of *Emile Banks & Associates, LLC*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Thomas K. Houck* of *Jacobson, Schrinsky & Houck, S.C.*, Milwaukee.

Before Curley, P.J., Kessler and Brennan, JJ.

¶ 1. BRENNAN, J. GEICO Indemnity Company and Ceree King (unless otherwise noted collectively referred to as GEICO) appeal from the trial court's amended judgment imposing sanctions for: (1) GEICO's breach of the Civil Division Scheduling Order; and (2) GEICO's filing of Motions After Verdict in which GEICO sought relief from the sanction previously imposed for violating the trial court's scheduling order. With regard to the former, GEICO argues that the trial court lacked the authority to sanction it for violating the scheduling order and that the sanction imposed (travel expenses) was unjust. With regard to the latter, GEICO argues that the trial court exceeded its authority in imposing a sanction on GEICO for seeking reconsideration of the trial court's earlier order for sanctions.

¶ 2. We conclude that the trial court reasonably exercised its discretion in sanctioning GEICO for breach of the trial court's scheduling order but that the court erroneously exercised its discretion in sanctioning GEICO for filing the Motions After Verdict. Accordingly, we affirm in part, reverse in part and remand to the trial court for recalculation of the appropriate sanctions, attorney fees and costs consistent with this opinion.

BACKGROUND

¶ 3. Valarie Lee filed a personal injury lawsuit on August 15, 2007, in Milwaukee County Circuit Court, the basis of which arose out of an automobile accident that took place in April 2006 between her car and one driven by King. GEICO insured King. The trial court conducted a scheduling conference with both parties' counsels in November 2007 and issued the Civil Division Scheduling Order, which is on a preprinted form with spaces for handwritten modifications.

701

¶ 4. The scheduling order contains two clauses pertinent to this appeal. First, in paragraph five, entitled "ADR," the court checked the box labeled "B," which states:

> Pursuant to § 802.12, Wis. Stats, the parties shall complete mediation no later than *4/4/08,* with a mediator agreed to by the parties, or *Jerry Schmidt* shall serve as mediator. The parties shall share equally the cost of the service provider's fee. The parties and their attorneys shall be present and participate in person in the mediation. Each corporate party or other legal entity which is a party shall appear by an individual **other than the attorney,** which individual shall have full authority to negotiate in this matter, unless the parties and the mediator agree otherwise. **Full authority** means that the person has the authority to modify any previous offers and present new offers to settle and to approve any final settlement, without the need to call or speak with any other representative of that party. In the event either party fails to appear or appears at the mediation without full authority to negotiate a resolution, the party so responsible may be ordered to pay **all** costs of the mediation and be subject to further sanctions determined by the court.

Second, the final two lines of the scheduling order, immediately above the trial court's signature, state: **"Failure to comply with any term of this order shall be considered cause for imposing sanctions which may include the dismissal of claims and defenses.** See § 804.12 and 805.03, Wis. Stats."

¶ 5. The following facts are undisputed by the parties. On April 4, 2008, Lee and her attorney attended the mediation. GEICO's counsel also attended. GEICO's counsel had phone contact with a representative from GEICO with authority to settle the case

702

during the mediation,[1] but no corporate representative appeared in person for GEICO. The GEICO claim representative assigned to the case works out of an office in Macon, Georgia. GEICO had not obtained any modification of the scheduling order to give it relief from the obligation of having an individual from the corporate entity with full settlement authority appear at the mediation. Lee's counsel did not object to the non-appearance of the GEICO representative while at the mediation nor did the mediator register any objection. The mediation took place. The mediation lasted sixty-five minutes, exclusive of attorney preparation and travel time. Lee was required to use vacation time from her job to attend. The mediation did not lead to settlement of the case.

¶ 6. Lee's initial pre-suit settlement demand was $13,000.00. GEICO offered $500.00. Lee's demand at mediation was $8000.00, and GEICO increased its offer to $2000.00 at mediation through its representative on the phone, but no settlement was reached at the mediation. Following the mediation, Lee filed an Offer of Settlement offering to settle the action for $7500.00, together with costs and disbursements of the action.

---

[1] On appeal, Lee does not dispute GEICO's claim that its representative had full settlement authority. But we note that before the trial court, in his affidavit of March 11, 2008, Lee's counsel asserted that during the mediation, the GEICO representative on the phone "needed to confer with other GEICO insurance representatives in order to seek the opinion of and/or obtain additional authority regarding the mediation." We note also that GEICO's counsel asserted in her affidavit of May 6, 2008 that "no one at GEICO Indemnity Company, regardless of whether in Milwaukee, Wisconsin or Macon, Georgia, would have offered any amount above $2,000.00 due to defendants [sic] position that the plaintiff was not injured in this minor impact accident."

GEICO later filed an Offer of Judgment offering $1200.00 with costs. A jury trial in the matter was held in August 2008 and the jury returned a verdict, which awarded Lee $2324.44.

¶ 7. In March 2008, prior to trial, Lee filed a Motion for Sanctions based on GEICO's violation of the scheduling order in not having a corporate representative of GEICO appear at the mediation. Plaintiff sought reimbursement of her actual expenses, including her share of the mediator's fee, her actual wages lost from missed work to attend the mediation, her actual attorney fees for preparation and attendance at the mediation and any other remedy the court deemed just.

¶ 8. GEICO's response claimed that Lee brought the Motion for Sanctions not because GEICO violated the scheduling order, but because GEICO would not settle for Lee's requested amount. Accordingly, GEICO argued that the trial court lacked authority to sanction a party for failing to settle. Additionally, GEICO argued that its conduct at the mediation was not egregious or in bad faith as purportedly required by this court in *Gray v. Eggert*, 2001 WI App 246, 248 Wis. 2d 99, 635 N.W.2d 667.

¶ 9. On May 21, 2008, the trial court heard arguments on the Motion for Sanctions and found that GEICO had violated the scheduling order by not having a GEICO representative appear in person at the mediation. The court found that the violation undermined the court and was disrespectful to Lee and her counsel. The court ordered GEICO to pay as a sanction the amount it attempted to save by participating in the mediation by phone instead of in person, estimating the amount saved to be $500.00. However, the court gave GEICO an

opportunity to present evidence of a lower amount for a reduced award. The court also awarded statutory motion costs.

¶ 10. After the sanctions hearing, GEICO submitted evidence that round trip air travel from Atlanta to Milwaukee cost $311.00. Lee objected and submitted her request that the sanctions include ground travel from Macon to Atlanta to be calculated at the current IRS mileage reimbursement rate of $0.505 per mile for a total of $84.70. The trial court granted both requests in an order for sanctions dated June 26, 2008, including $311.00 for roundtrip airfare from Atlanta to Milwaukee, $84.70 for ground travel from Macon to Atlanta and $300.00 for statutory motion costs for a total of $695.70 that GEICO was to pay to Lee's attorney by July 25, 2008.

¶ 11. The case then proceeded to a jury trial, and after the jury's verdict, GEICO filed Motions After Verdict. The motion asked the court to vacate its earlier order for sanctions and offset the sanctions of $695.70 against the jury's verdict, advancing the same arguments as before, i.e., lack of authority for the sanctions order and the injustice of the sanctions. In response, Lee argued that GEICO presented no new arguments or evidence and asked the court to deny the motion and order GEICO to pay Lee's actual attorney fees for time spent responding to the motion.

¶ 12. The trial court denied GEICO's Motions After Verdict in an order dated September 17, 2008, finding that the motion was simply a motion for reconsideration and that GEICO had failed to show newly discovered evidence or manifest error of law or fact. *See Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*, 2004 WI App 129, ¶ 44, 275 Wis. 2d 397, 685 N.W.2d 853 ("To prevail on a motion for

reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact."). The court awarded Lee her actual attorney fees and actual costs incurred in responding to the motion.

¶ 13. On October 1, 2008, subsequent to the denial of the Motions After Verdict, the trial court issued an Amended Order for Judgment, ordering GEICO to pay Lee $900.00 as Lee's actual attorney fees for responding to the Motions After Verdict. Then, on October 27, 2008, the trial court issued an Amended Order Clarifying Judgment, *Nunc Pro Tunc,* adding the $900.00 to the total judgment of $3224.44, which included the sanction of $695.70 previously imposed by the court, plus statutory costs to be determined by the Judgment Clerk.

¶ 14. Pertinent to the remand here, Lee filed a Bill of Costs in November 2008 showing her request for reimbursement for statutory costs in the total amount of $1481.70, which does not specify which, if any, of these costs pertain to the Motions After Verdict. The Judgment Clerk filed the Judgment on December 10, 2008, which included the $3224.44 sanction ordered by the court on October 27, 2008, plus costs and disbursements in the amount of $1481.70.

¶ 15. GEICO appeals all five of the trial court's orders for sanctions and costs for violating the scheduling order and for bringing the Motions After Verdict.

DISCUSSION

## I. Sanction for Violation of the Civil Division Scheduling Order

¶ 16. We review the trial court's decision to impose sanctions and the appropriateness of the sanctions ordered under an erroneous exercise of discretion stan-

dard. *See Schultz v. Sykes*, 2001 WI App 255, ¶ 8, 248 Wis. 2d 746, 638 N.W.2d 604. "Accordingly, we will affirm the trial court's decision if it examined the relevant facts, applied a proper standard of law, and reached a reasonable conclusion." *Id.* "The issue is not whether we, as an original matter, would have imposed the same sanction as the circuit court; it is whether the circuit court exceeded its discretion in imposing the sanction it did." *Id.*

¶ 17. The trial court ordered GEICO to pay Lee's actual attorney fees as a sanction for violating the provision in the trial court's scheduling order that required GEICO to have its corporate representative appear at the mediation. As a preliminary matter, we note what is *not* at issue in this appeal. GEICO does not argue that it did not violate the scheduling order. GEICO admits that it did not have a representative in physical attendance at the mediation and does not argue that "appear" means being available by phone. Accordingly, and because WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 103 (3d ed. 1993) defines "appear" as "to come into view," we conclude that the scheduling order requires physical appearance.

¶ 18. GEICO admits that its representative was not physically present at the mediation but makes three arguments against the imposition of sanctions: (1) the trial court lacked statutory authority to impose sanctions for violating the scheduling order; (2) under *Gray*, the trial court lacked authority to impose sanctions absent a finding that GEICO's conduct was either egregious or in bad faith; and (3) the sanctions imposed were unjust and GEICO was "justified" in having a representative participate by phone.

¶ 19. Lee responded that the statutory authority for the court's sanctions order is clearly stated in the

707

scheduling order, that *Gray* is distinguishable from this case and that justice required that Lee recover her attorney fees, her half of the mediation fee, the wages she lost due to attendance at the mediation and costs.

¶ 20. GEICO's first argument, that the trial court lacked authority to order sanctions for violation of the scheduling order, is incorrect. On the contrary, WIS. STAT. § 802.10(7) (2007–08)[2] authorizes the trial court to impose sanctions on a party for violation of the court's scheduling or pretrial orders under WIS. STAT. § 805.03.[3] Section 805.03 provides that for failure of a party "to obey any order of court, the court in which the action is pending may make such orders in regard to the failure as are just." Both statutes clearly and unambiguously provide the authority for sanctions for violations of a scheduling order. Here, the trial court clearly had authority to impose sanctions for an undisputed violation of the court's scheduling order.

¶ 21. GEICO had notice of the risk it was running in not obeying the mediation appearance order. The scheduling order, paragraph 5.B., and the final two lines of the order provided notice to the parties and counsel that the court may impose sanctions for violations. The final two lines state: **"Failure to comply with any term of this order shall be considered cause for**

---

[2] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

[3] WISCONSIN STAT. § 802.10(7) also authorizes sanctions for other violations of trial court orders under WIS. STAT. § 802.05, which provides for sanctions for violations of the rules for pleadings, and under WIS. STAT. § 804.12, which provides for sanctions for violations of discovery orders, neither of which is an issue here.

**imposing sanctions which may include the dismissal of claims and defenses**. See § 804.12 and 805.03, Wis. Stats."

¶ 22. GEICO had notice that its unilateral decision to disregard the mediation appearance requirement could lead to sanctions. GEICO could have asked the trial court for permission to appear by phone. It did not. It could have sought a stipulation from Lee's counsel and the mediator for a representative to appear by phone, but it did not.

■■

¶ 23. In addition to the above statutory authority, the common law in Wisconsin is clear that a trial court has inherent power to sanction a party to maintain the dignity of the circuit court. "Circuit courts are bestowed with those powers necessary to maintain their dignity, transact their business, and accomplish the purposes of their existence." *Schultz*, 248 Wis. 2d 746, ¶ 2; *see also Johnson v. Allis Chalmers Corp.*, 162 Wis. 2d 261, 273–74, 470 N.W.2d 859 (1991) ("The circuit court has both statutory authority, through secs. 802.10(3)(d), 805.03, and 804.12(2)(a)3, Stats., and inherent authority to sanction parties for failure to prosecute, failure to comply with procedural statutes or rules, and for failure to obey court orders."), *overruled on other grounds by Industrial Roofing Servs. v. Marquardt*, 2007 WI 19, 299 Wis. 2d 81, 726 N.W.2d 898.

■

¶ 24. GEICO's second argument is based on its misreading of *Gray* and its mischaracterization of Lee's motion for sanctions. In both GEICO's motion before the trial court and on appeal, GEICO incorrectly characterized Lee's Motion for Sanctions as a request for sanctions based on GEICO's refusal to settle for Lee's proposed figure. GEICO states: "In this case,

Plaintiff['s] counsel's argument in bringing a 'Motion for Sanctions' was essentially, as in *Gray*, that defendants did not make a good faith effort to settle the case, which amounts to a dispute over the value of the case." GEICO's description of Lee's motion is unsupported by the record. In fact, Lee's Motion for Sanctions stated that the basis for the sanctions request was "for sanctions against Defendant, GEICO Indemnity Company, for violation of the Court's Scheduling Order by failing to personally appear or obtain the Plaintiff's prior consent to allow the Defendant to appear by phone at the Court ordered mediation."

¶ 25. By mischaracterizing the sanctions order as one for failure to settle, GEICO argues that *Gray* compels reversal. In *Gray*, the trial court dismissed the case and ordered a $5000.00 judgment for the plaintiff as a sanction for the defendant's failure to mediate in good faith. *Id.*, 248 Wis. 2d 99, ¶ 6. We reversed, concluding that although dismissal and a $5000.00 judgment may be permissible sanctions in some cases, as where a party acts with egregious conduct and in bad faith in not complying with some pretrial orders, in *Gray* there was neither a violation of a pretrial order nor any bad faith. *Id.*, ¶ 17. GEICO uses our holding in *Gray* to argue that because the trial court made no finding of bad faith here, the court's order for sanctions must be reversed.

¶ 26. But GEICO's argument is misplaced for two reasons. The sanctions order against GEICO was for violation of the court's scheduling order not for failure to settle, and *Gray* expressly authorizes sanctions for violation of a court order. *See id.*, ¶ 9. We concluded in *Gray* that "Wisconsin Stat. § 805.03 provides a trial court with the discretionary authority to strike the answer and responsive pleadings of a defendant and

710

enter judgment for the plaintiff *as a sanction for the defendant's failure to comply with any order of the court." Gray*, 248 Wis. 2d 99, ¶ 9 (emphasis added). *Gray* does not require a finding of bad faith where the sanction is imposed for violating a court order.

■

¶ 27. GEICO's third argument is that the sanctions of travel costs and actual attorney fees are unjust. Again, on review the issue is not whether the reviewing court would have imposed the same sanctions, but rather whether the trial court reviewed all the relevant facts, applied the proper law and reached a reasonable result. *Schultz*, 248 Wis. 2d 746, ¶ 8. We believe the trial court did that here.

¶ 28. GEICO argues that the trial court's sanctions order was not reasonable because GEICO's behavior, while a violation of the scheduling order, was nonetheless reasonable because: (1) GEICO had a representative appear by phone; (2) it was "standard procedure" to appear by phone; and (3) the cost of travel from its representative's office in Macon, Georgia to the Milwaukee mediation was counter-productive to the efforts to settle the case. Even if true, none of these excuses, after the fact, justify violating the trial court's order, particularly where GEICO never offers any explanation for why it did not ask the trial court for relief from the physical appearance order based on these reasons *before* the mediation occurred.

¶ 29. GEICO correctly points out that on the day of the mediation neither Lee's counsel nor the mediator objected to the nonappearance of GEICO's corporate representative at the mediation. The mediation proceeded. Then Lee promptly filed her Motion for Sanctions five days later. Not objecting to GEICO's representative's absence on the day of the mediation

(when nothing could be done about it) is not the same as stipulating to the representative's nonappearance. The scheduling order presented GEICO with two options, attendance or stipulation. The order does not provide for a unilateral decision not to attend.

¶ 30. The trial court here reasonably considered the reasons GEICO gave for its corporate representative's nonappearance (travel cost saving) but noted that the proper course would have been for GEICO to seek court approval or stipulation from opposing counsel and the mediator *before* the mediation, which GEICO failed to do. The trial court registered its concern at GEICO's statement that it "is pretty standard practice" to have its representative in Macon, Georgia appear by phone at mediations. The court reasoned that GEICO undermined the court's authority by disregarding the personal appearance order and exacerbated that problem by making it a "standard practice" to violate a circuit court order. The trial court stated:

> But it is the, the concern that I articulated just before this and the related concern of the disrespect not only for a court's Order but for the plaintiff and plaintiff's counsel that is at issue in this motion. I am concerned that Geico would place its standard practice apparently based on its geographic location above a court order. It undermines the authority of a court order and, therefore, undermines the authority of a court, itself.

Because it found that the violation undermined respect for the court, Lee and her counsel, the court fashioned a sanction that it felt would "enforce the court's Order or the dignity, if you will, and authority that is due a court order," which is well within the trial court's authority. *See Schultz*, 248 Wis. 2d 746, ¶ 2.

¶ 31. In fashioning a sanction, the court considered the motivation behind GEICO's decision not to have the representative attend in person, namely saving travel costs between Macon and Milwaukee. The court then reasoned that imposing those costs on GEICO was a fair sanction. The court estimated, based on its own traveling experience, that the trip from Macon to Milwaukee would likely have cost $500.00 but quite reasonably gave GEICO an opportunity to supplement the record, post-hearing, with the actual travel expenses if GEICO found they were lower. GEICO did that by furnishing the court with an internet estimate of airfare between Atlanta and Milwaukee of $311.00, and the court ordered GEICO to pay that lower amount. But when Lee's counsel objected and asked the court to add to that amount the ground transportation that the GEICO representative would have had to incur to reach Atlanta from Macon, the court granted that request as well.

¶ 32. The trial court thoughtfully fashioned a sanction that corresponded to the harm done. The court clearly articulated its reasoning and permitted both parties to present additional factual support for their positions. The trial judge properly exercised discretion in the decision to impose sanctions and the amount of the sanctions for violation of the scheduling order.

## II. Sanctions for Filing Motions After Verdict

¶ 33. After the jury's verdict, awarding Lee $2324.44, GEICO filed Motions After Verdict, asking the trial court to vacate the earlier sanctions order or offset the sanctions against the jury's verdict. GEICO repeated its earlier arguments that: (1) neither WIS. STAT. § 804.12 nor WIS. STAT. § 805.03 authorized a

court to impose sanctions for failure to comply with the court's scheduling order; and (2) GEICO's conduct was neither egregious nor in bad faith, again citing *Gray*, 248 Wis. 2d 99, ¶¶ 14–15; and (3) the sanctions imposed were unjust. As to this last argument, GEICO raised new arguments based on the jury's verdict. GEICO argued that since the jury's damages verdict, $2324.44, was closer to GEICO's authority to settle at mediation, $2000.00, it should be relieved of the obligation to pay the $695.70 in sanctions.

¶ 34. The trial court, in its written decision denying GEICO's Motions After Verdict, concluded that the motion was nothing more than a motion for reconsideration and as such failed because it did not present "newly discovered evidence or establish a manifest error of law or fact." *See Koepsell's*, 275 Wis. 2d 397, ¶ 44. The court relied on the reasons expressed in its May 21, 2008 decision.

¶ 35. But the trial court went further and ordered GEICO to pay Lee's actual attorney fees for the postverdict motion, which "rehash[ed]" its earlier argument. The court stated:

> As to GEICO's request that its sanction be treated as an offset against the plaintiff's taxable costs, the Court is, frankly, a bit stunned and offended that GEICO seeks to reward itself for its own misconduct by financially penalizing the plaintiff in depriving her of part or all of her rightful costs as the prevailing party. For that reason, and because this motion so plainly fails to meet the *Koepsell* standard, the Court will allow the plaintiff, as she has requested, to recover her actual costs and actual attorney fees in defending against this motion.

¶ 36. We review the trial court's order for actual attorney fees on this motion under the same erroneous exercise of discretion standard as we did on the order

714

for sanctions. *See Schultz*, 248 Wis. 2d 746, ¶ 8. We "will affirm the trial court's decision if it examined the relevant facts, applied a proper standard of law, and reached a reasonable conclusion." *Id.* "The issue is not whether we, as an original matter, would have imposed the same sanction as the circuit court; it is whether the circuit court exceeded its discretion in imposing the sanction it did." *Id.*

¶ 37. The trial court imposed this second set of sanctions because it found that GEICO had brought what was essentially a motion for reconsideration without any new evidence or evidence of manifest error of law by the trial court. Even so, that was a basis for the court to deny the motion for reconsideration. It was not a basis for an award of attorney fees without a finding of bad faith or egregious conduct. As we have discussed fully above, sanctions such as awards of attorney fees are permissible if the statutes allow them or under a trial court's inherent powers, if there is misconduct. Here, no statute authorizes sanctions for bringing a motion for reconsideration, and the trial court made no finding of misconduct nor does the record reveal misconduct.

¶ 38. We acknowledge and have already discussed the trial court's statutory powers to impose sanctions and inherent powers to "maintain [its] dignity, transact [its] business, and accomplish the purposes of [its] existence." *Id.*, ¶ 2. And we acknowledge that the trial court may sanction parties for misconduct such as suborning perjury, *id.*, ¶¶ 47–48, or violating court orders by egregious conduct, *Gray*, 248 Wis. 2d 99, ¶ 17. But as we noted above, trial courts may not sanction a party in the absence of statutory authority or

715

egregious conduct, bad faith or a violation of a court order. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991); *Gray*, 248 Wis. 2d 99, ¶ 17.

¶ 39. Here, GEICO's conduct was simply filing a motion to reconsider. Although the trial court said it found GEICO's motion "offensive," the trial court made no finding that GEICO acted in bad faith, practiced a fraud on the court or hampered the court's enforcement of its orders. What GEICO did was to bring a motion asking the court to reconsider its earlier order. Even though the court found that the motion lacked support, GEICO's conduct, without a finding of bad faith, fraud or purposeful delay, does not justify imposition of an attorney fee sanction.

¶ 40. Accordingly, we conclude that the trial court erroneously exercised its discretion in awarding Lee her actual attorney fees in the amount of $900.00 plus statutory costs as a sanction for GEICO's filing its Motions After Verdict, and we reverse that order. We order the case remanded to the circuit court for recalculation of the statutory costs after elimination of the $900.00 attorney fees and any costs associated with the sanction for the Motions After Verdict.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded for further proceedings.

¶ 41. KESSLER, J. (*concurring in part, dissenting in part*). I concur with the majority's reversal of the sanctions imposed against GEICO for filing its postverdict motion in this case. However, I respectfully dissent from that portion of the majority opinion upholding sanctions against GEICO for violation of the scheduling order. It is undisputed, as the majority points out, that not only did Valarie Lee fail during the mediation to object to having a corporate representative from GEICO appear by telephone, she also completed the

mediation on that day knowing that GEICO's representative was participating by telephone. In my view, Lee forfeited her right to seek sanctions against GEICO when she knowingly participated in the mediation without offering any objection to having GEICO's representative appear by telephone. *See State v. Ndina*, 2009 WI 21, ¶ 29, 315 Wis. 2d 653, 761 N.W.2d 612 (Forfeiture can occur where a party " 'fail[s] to make the timely assertion of a right.' ") (citation omitted).

¶ 42. While the forfeiture rule is most often discussed in the context of trials, I believe it is appropriately applied here, where Lee failed to object to GEICO's representative's telephonic participation in a court-ordered mediation. Mediations are a common feature in litigation and often are rescheduled for innumerable reasons. There is no showing that rescheduling here was impossible. Lee's objection at the time would have allowed GEICO to cure its failure to appear personally, while preserving Lee's ability to seek appropriate sanctions. Although better practice would have been for GEICO to have obtained, in advance, either Lee's agreement to the telephone appearance or the trial court's approval to appear by telephone, it was unfair for Lee to remain silent in the face of a curable violation of the scheduling order and complain only when the efforts at settlement were unsuccessful. In doing so, she was allowed to "lie in the weeds by not objecting and then belatedly raise the issue when it was advantageous to do so." *See State v. English-Lancaster*, 2002 WI App 74, ¶ 15, 252 Wis. 2d 388, 642 N.W.2d 627; *see also Ndina*, 315 Wis. 2d 653, ¶ 30 (Forfeiture rule "prevents attorneys from 'sandbagging' opposing counsel by failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal.") Because I conclude that Lee forfeited her right to

object to GEICO's telephonic participation, I would reverse the trial court's order imposing sanctions on GEICO for violation of the scheduling order.