**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**May 19, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2019AP458**

Cir. Ct. No.  2015CV6012

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT I**

IN RE THE DENIAL AND FINDING OF CONTEMPT IN: KOHNER MANN & KAILAS SC V. METALLURGICAL ASSOCIATES, INC.:

KOHNER MANN & KAILAS SC,

>       PLAINTIFF-THIRD-PARTY
>       PLAINTIFF-RESPONDENT,

>    V.

METALLURGICAL ASSOCIATES, INC. AND KAREN L. HUTCHINSON,

>       DEFENDANTS,

ROBERT J. HUTCHINSON,

>       DEFENDANT-APPELLANT,

THE NORTH RIVER INSURANCE CO. C/O DAVID ARMSTRONG, REG. AGT.,

>       THIRD-PARTY DEFENDANT-RESPONDENT,

NISTLER LAW OFFICE,

>       THIRD-PARTY DEFENDANT.

APPEAL from an order of the circuit court for Milwaukee County: ELLEN R. BROSTROM, Judge. *Affirmed.*

¶1 DONALD, J.[1] Robert J. Hutchinson, *pro se*, appeals an order of the circuit court denying his motion for contempt against Kohner Mann & Kailas SC, and The North River Insurance Co. (collectively, KMK), granting KMK's motion for contempt against Robert Hutchinson, and barring Robert[2] from filing additional motions relating to the case underlying this appeal.[3] We affirm.

## BACKGROUND

¶2 This case has a long procedural history. The facts relevant to this appeal are as follows. In March 2013, Robert and his wife Karen retained KMK, a law firm, to represent them and their company, Metallurgical Associates, Inc. (MAI), in a contract dispute with a former business partner. KMK ultimately withdrew as the Hutchinsons' counsel after KMK expressed concern about the Hutchinsons' ethical behavior while clients. When KMK withdrew as the Hutchinsons' counsel, it had incurred $119,424.08 in legal services that the Hutchinsons had not paid.

¶3 KMK filed the action underlying this appeal against the Hutchinsons to recover its legal fees. The Hutchinsons and their company filed a counterclaim, alleging that KMK's representation fell below the requisite standard of care and

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(h) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] Because Robert J. Hutchinsons's wife, Karen L. Hutchinson, was also a party earlier in the proceedings, we refer to Robert by his first name.

[3] KMK also filed a motion for frivolous costs against Robert. We deny that motion.

that KMK breached its duty of representation to the Hutchinsons. Ultimately, KMK moved for summary judgment seeking dismissal of the Hutchinsons' counterclaim and judgment against the Hutchinsons for the legal expenses incurred when it represented the Hutchinsons. The circuit court granted KMK's motion.

¶4    Robert[4] appealed the order granting summary judgment and dismissing his counterclaim. This court dismissed the appeal as untimely. Robert then filed a motion for relief from judgment, essentially reraising issues addressed at the summary judgment hearing. KMK opposed the motion and moved for sanctions against Robert, arguing that Robert: filed a frivolous motion; engaged in a pattern of inappropriate litigation; and had been previously sanctioned in other unrelated court actions.

¶5    The circuit court held a hearing on the parties' motions on August 30, 2018. Ultimately, the circuit court granted KMK's motion and denied Robert's motion. The circuit court found that Robert engaged in dishonest behavior throughout the course of the litigation and that Robert's motion was frivolous with no basis in fact or law. The circuit court entered an order requiring Robert to pay a $5000 sanction and to obtain leave of the court prior to filing any additional motions against KMK stemming from KMK's representation of the Hutchinsons or MAI.

¶6    Following the dismissal of his motion for relief from judgment and the imposition of sanctions by the circuit court, Robert, *pro se*, filed a motion for

---

[4] According to the record before us, only Robert was involved in the proceedings from this point on.

3

contempt and sanctions based on what he claimed were five misrepresentations made by KMK at the August 30, 2018 hearing. The motion alleged that KMK: (1) falsely claimed that it was attempting to domesticate its judgment in Georgia, where the Hutchinsons had moved; (2) misrepresented that its insurance company, The North River Insurance Company (North River), joined KMK's objection to Robert's relief from judgment; (3) falsely claimed to have reviewed a transcript of an underlying arbitration proceeding; (4) misrepresented that it filed an affidavit of service for its motion for sanctions within the appropriate time period; and (5) misrepresented that the circuit court addressed an issue regarding cell phone data which Robert raised in his motion for relief from the summary judgment.

¶7 KMK filed a motion for contempt and sanctions, arguing that Robert violated the circuit court's order requiring Robert to seek leave of the court prior to filing additional motions and for making misrepresentations and frivolous arguments.

¶8 At a hearing on both of the motions, the circuit court addressed each of Robert's complaints, denied Robert's motion, and granted KMK's motion. The circuit court found that Robert "brought before the court non-meritorious arguments." This appeal follows.

**DISCUSSION**

¶9 On appeal, Robert reargues that KMK made multiple misrepresentations during the August 30, 2018 hearing and contends that the circuit court erroneously exercised its discretion when it granted KMK's motion for contempt and sanctions.

4

¶10   "We review the [circuit] court's decision to impose sanctions and the appropriateness of the sanctions ordered under an erroneous exercise of discretion standard." *Lee v. GEICO Indem. Co.*, 2009 WI App 168, ¶16, 321 Wis. 2d 698, 776 N.W.2d 622. "'[W]e will affirm the [circuit] court's decision if it examined the relevant facts, applied a proper standard of law, and reached a reasonable conclusion.'" *Id.* (quoting *Schultz v. Sykes*, 2001 WI App 255, ¶8, 248 Wis. 2d 746, 638 N.W.2d 604).

¶11   "Circuit courts are bestowed with those powers necessary to maintain their dignity, transact their business, and accomplish the purposes of their existence." *Schultz*, 248 Wis. 2d 746, ¶2. Thus, a circuit court has inherent authority to impose sanctions on a party for misconduct during litigation. *See Johnson v. Allis Chalmers Corp.*, 162 Wis. 2d 261, 273-74, 470 N.W.2d 859 (1991) (noting that courts have "inherent authority to sanction parties for failure to prosecute, failure to comply with procedural statutes or rules, and for failure to obey court orders"), *overruled on other grounds by Industrial Roofing Servs., Inc. v. Marquardt*, 2007 WI 19, 299 Wis. 2d 81, 726 N.W.2d 898; *see also Lee v. LIRC*, 202 Wis. 2d 558, 562, 550 N.W.2d 449 (Ct. App. 1996) (concluding that the circuit court had inherent authority to dismiss the case because the plaintiff had failed to file a brief).

¶12   When the circuit court imposed sanctions, it did so primarily because it found that: Robert was not truthful at times during the long course of litigation; Robert filed frivolous motions; and Robert engaged in improper litigation. The circuit court addressed each of Robert's five misrepresentation claims against KMK and found that all were meritless and not supported by the record. The circuit court made numerous findings of facts as to each claim. Specifically, the circuit court found: (1) there was no falsehood in KMK's representations about its

5

efforts to enforce the relevant judgment in Georgia; (2) KMK did not misrepresent North River's joinder in KMK's objection to Robert's motion for relief from judgment; (3) KMK's counsel simply misspoke when referring to an arbitration transcript, rather, counsel was referring to the arbitration decision; (4) KMK did not misrepresent the existence of an affidavit of service of the motion for sanctions that was at issue at the August 30, 2018 hearing; indeed, Robert received the motion within the appropriate statutory time frame; and (5) the issue of cell phone data discovery was previously decided by the summary judgment court and its decision would not be overturned.

¶13 It is clear from the record that the circuit court examined the extensive record in this case, applied the proper standard of law, and reached a reasonable decision. We affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.