COURT OF APPEALS
DECISION
DATED AND FILED

June 10, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP592**

**STATE OF WISCONSIN**

Cir. Ct. No. **2018TP19**

**IN COURT OF APPEALS
DISTRICT II**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO A.W., A PERSON UNDER THE AGE OF 18:

WAUKESHA COUNTY HEALTH AND HUMAN SERVICES,

  PETITIONER-RESPONDENT,

 V.

S.S.,

  RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Waukesha County: LLOYD CARTER, Judge. *Affirmed.*

¶1 REILLY, P.J.[1] S.S. appeals from an order terminating her parental rights to A.W., arguing that the circuit court erred when it granted Waukesha County Health and Human Services' (the department) motion for default judgment and denied S.S. the right to a jury trial at the grounds phase of the termination of parental rights (TPR) proceeding. S.S. argues that WIS. STAT. §§ 805.03 and 885.11 do not give the court the authority to default a party without finding a failure to comply with a court order. As we conclude that a circuit court may default a party for egregious conduct and the record before us support's the circuit court's finding of egregiousness, the circuit court did not erroneously exercise its discretion. We affirm.

*Background*

¶2 A.W. was found to be a child in need of protection or services (CHIPS) pursuant to WIS. STAT. § 48.13(10) on September 7, 2016. At that time, she remained in S.S.'s home, but shortly thereafter A.W. was removed and placed in foster care[2] after S.S. overdosed on heroin while A.W. was present. S.S. suffered another drug overdose in January 2017, illegally acquired Suboxone during the summer of 2017, and was incarcerated between December 2017 and February 2018 due to a heroin relapse while on probation.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version.

[2] A.W. remained in the same foster home from October 2016 until the conclusion of this case.

¶3 A TPR petition was filed on April 27, 2018, alleging grounds[3] of continuing CHIPS under WIS. STAT. § 48.415(2) and failure to assume parental responsibility under § 48.415(6). S.S. contested the petition, and the parties twice attempted mediation without success. After two adjournments, a jury trial was scheduled on the grounds phase for June 24, 2019.

¶4 On June 20, 2019, S.S. filed a motion to adjourn the trial. The motion, filed by counsel, alleged that S.S. was "experiencing some extreme physical distress" and explained that S.S. was suffering "increased pain, bleeding to a point that required frequent changes of sanitary products to avoid bleeding through clothing, exhaustion and an inability to function which have led to missing multiple appointments to prepare for trial." Counsel stated that under the circumstances she did not feel she could be "adequately prepared for trial" and she did not "know if [S.S. was] physically able to be present for trial."

¶5 The circuit court held a hearing on the motion, which revealed that S.S. had allegedly been diagnosed with ovarian cancer, and S.S. provided written documentation of her diagnosis from a nurse in the emergency department of Waukesha Memorial Hospital. According to the letter, S.S. was to be "excuse[d]" for "the next 4-6 weeks for a full recovery due to the severity of diagnosed disease and surgical procedure." The circuit court granted the motion to adjourn the trial.

¶6 On July 30, 2019, the social worker in the case filed a memo with the circuit court indicating that she was concerned due to "the format and appearance

---

[3] There are two phases in a TPR proceeding: a "grounds" or "unfitness" phase and a dispositional phase. *Steven V. v. Kelley H.*, 2004 WI 47, ¶¶24-27, 271 Wis. 2d 1, 678 N.W.2d 856. At the grounds phase, the circuit court determines whether the parent is unfit based on one of grounds listed in WIS. STAT. § 48.415. *Steven V.*, 271 Wis. 2d 1, ¶¶24-25. If the parent is found unfit, the case proceeds to the dispositional phase, during which the court determines if termination is in the best interests of the child. *Id.*, ¶27.

of the medical excuse that [S.S.] presented to the Court" and the fact that S.S. had been refusing to sign a release of medical information "for the Department to verify and discuss [S.S.'s] medical condition." The memo also explained that, according to S.S., her cancer surgery was to have taken place on July 20, 2019.

¶7 In response, the court held a status conference on August 2, 2019, where S.S., through her counsel, provided a document from her medical records titled "discharge instructions" that purported to note an "ovarian surgical procedure" that took place on July 20. S.S. explained to the court that she was refusing to sign for the release of medical records due to privacy concerns: "That's part of the HIPAA law. I don't have to sign off on medical records." The circuit court explained to S.S. that she had made representations to the court about "a significant medical issue and you used that as a basis to ask for a delay in the trial and not show up in court. So in that sense, the Court has an interest in confirming the veracity of the information you supplied." The court ordered S.S. to sign the release.

¶8 On August 8, 2019, the social worker filed a letter with the circuit court informing it of the results of her investigation. According to the social worker, medical staff at Waukesha Memorial Hospital denied writing the medical excuse that S.S. presented to the court, denied diagnosing S.S. with ovarian cancer, and indicated that they had no record of S.S. being diagnosed or treated for ovarian cancer at their clinic.

¶9 The circuit court held another status conference on August 12, 2019. At the hearing, it was revealed that S.S. had in fact gone to the emergency room on June 20, 2019, but she had not been diagnosed with ovarian cancer. S.S.'s counsel asked for more time to conduct her own investigation, but expressed her concern that S.S. was "making use of me to defraud the court." S.S. never denied the

allegations that she falsified her medical records and lied to the court. The court immediately put the case back on the schedule for a jury trial.

¶10 Days later, the department filed a motion for default judgment against S.S., moving pursuant to WIS. STAT. §§ 805.03, 885.11(5), and the court's inherent authority for sanctions to strike the contest response of S.S. and allow the department to obtain a default judgment against S.S. as to the grounds phase of the TPR proceeding. The court granted the department's motion, explaining that

> [S.S.'s] conduct is the epitome of bad faith and egregious conduct…. There's no other way to conclude what [S.S.] did here was a calculated, planned effort on her part to make a false representation to her attorney knowing that her attorney would communicate that information to the Court, then follow it through with further fabrication and falsification to the extent of creating a false document that [S.S.] then presented to her attorney knowing that it would be presented to the Court all for the specific purpose of avoiding the June 24th trial date ….

¶11 On December 16, 2019, the circuit court held a prove-up hearing on the grounds phase and on the dispositional phase. After hearing testimony from the social worker and S.S., the court found that the department had met its burden to establish grounds for TPR. The basis for the grounds phase was S.S.'s failure to comply with the conditions of return, specifically her failure to manage her substance abuse recovery, including a June 2019 car accident that resulted in criminal charges for operating a vehicle while intoxicated and possession of methamphetamines; failure to comply with and complete drug and alcohol treatment services; and failure to consistently report for random drug screenings as required. The court found the social worker's testimony to be credible and determined that the department had exercised reasonable efforts to facilitate compliance with S.S.'s conditions for return. As to the dispositional phase, the circuit court found that

termination was in the best interests of A.W.[4] and entered an order involuntarily terminating S.S.'s parental rights to A.W.[5]

## Discussion

¶12 We conclude that the circuit court did not erroneously exercise its discretion when it granted the department's motion to enter a default judgment against S.S. It is well established that the circuit court has both statutory[6] and inherent authority to sanction parties for misconduct. *Evelyn C.R. v. Tykila S.*, 2001 WI 110, ¶17, 246 Wis. 2d 1, 629 N.W.2d 768; *Johnson v. Allis Chalmers Corp.*, 162 Wis. 2d 261, 273-74, 470 N.W.2d 859 (1991), *overruled on other grounds by*

---

[4] S.S. does not challenge the circuit court's findings as to the dispositional phase. Counsel for S.S. argued that S.S. was seventeen when she gave birth to A.W., she had little to no assistance parenting, and she had been working to overcome her substantial drug dependency issues. Counsel argued that the circuit court consider a guardianship instead of terminating S.S.'s parental rights.

Once the parent has been found unfit at the grounds phase, the court's decision to terminate a parent's rights turns on the best interests of the child. *See* Wis. Stat. §§ 48.01(1), 48.426(2). Our review of the record indicates that the circuit court properly addressed the six factors under § 48.426(3). The court found that A.W.'s foster parents would be an adoptive resource, that A.W. was removed from S.S.'s care when she was three years old and was now six years old, that A.W. had been out of S.S.'s home for almost thirty-nine months at the time of disposition, and that A.W.'s relationship with her foster parents would allow her to enter into a more stable and permanent family relationship. The court acknowledged that whether A.W. had a substantial relationship with S.S. was a "closer call," but ultimately determined that it could not conclude that the relationship was substantial because "it's just limited" and that it would not be harmful to A.W. to severe that relationship based on "all the facts and circumstances in this case." We review the circuit court's determination under the best interests of the child standard for an erroneous exercise of discretion. *See State v. Margaret H.*, 2000 WI 42, ¶¶27, 32, 234 Wis. 2d 606, 610 N.W.2d 475. "A proper exercise of discretion requires the circuit court to apply the correct standard of law to the facts at hand." *Id.*, ¶32. There is no evidence that the circuit court erred as a matter of law.

[5] The adjudicated father's parental rights to A.W. were also voluntarily terminated. The father is not a party to this appeal.

[6] The statutory source for sanctions is found, for example, under Wis. Stat. § 805.03, which provides that the court "may make such orders in regard to the failure as are just" based on a "failure of any claimant to prosecute or for failure of any party to comply with the statutes governing procedure in civil actions or to obey any order of court." *See also* Wis. Stat. §§ 802.05, 802.10, 804.12.

6

*Industrial Roofing Servs., Inc. v. Marquardt*, 2007 WI 19, 299 Wis. 2d 81, 726 N.W.2d 898; *see also* ***Schaefer v. Northern Assurance Co. of Am.***, 182 Wis. 2d 148, 162-63, 513 N.W.2d 615 (Ct. App. 1994). In TPR cases the rules of civil procedure governing default judgments apply. ***Door Cty. DHFS v. Scott S.***, 230 Wis. 2d 460, 465, 602 N.W.2d 167 (Ct. App. 1999). Whether to enter a default judgment is within the circuit court's discretion. ***Evelyn C.R.***, 246 Wis. 2d 1, ¶18. We will uphold the circuit court's exercise of discretion provided the court relied on the facts of record and applied the proper standard of law to reach a reasonable decision. ***Marquardt***, 299 Wis. 2d 81, ¶41. "The question is not whether this court as an original matter would have imposed the sanction; it is whether the circuit court [erroneously exercised] its discretion in doing so." ***Sentry Ins. v. Davis***, 2001 WI App 203, ¶19, 247 Wis. 2d 501, 634 N.W.2d 553.

¶13 As entry of a default judgment is a particularly harsh sanction, its use is limited to acts that are "egregious[ ] or in bad faith." ***Marquardt***, 299 Wis. 2d 81, ¶43. An act is said to be egregious if it is "extraordinary in some bad way; glaring, flagrant." ***Davis***, 247 Wis. 2d 501, ¶21 n.8 (citation omitted). "Egregious conduct means a conscious attempt to affect the outcome of litigation or a flagrant, knowing disregard of the judicial process." ***Morrison v. Rankin***, 2007 WI App 186, ¶20, 305 Wis. 2d 240, 738 N.W.2d 588. "Our cases have defined bad faith by reference to 'deceit; duplicity; insincerity,'" as "a species of fraud," and "the knowing failure to exercise an honest and informed judgment." ***Roehl Transp., Inc. v. Liberty Mut. Ins. Co.***, 2010 WI 49, ¶122 n.49, 325 Wis. 2d 56, 784 N.W.2d 542 (citations omitted). "A circuit court is not required to analyze a specific set of factors before awarding a default judgment; instead, it should focus on 'the degree to which the party's conduct offends the standards of trial practice.'" ***Brandon***

*Apparel Grp., Inc. v. Pearson Props., Ltd.*, 2001 WI App 205, ¶11, 247 Wis. 2d 521, 634 N.W.2d 544 (citation omitted).

¶14     S.S. argues that the circuit court improperly exercised its discretion when it granted a default judgment at the grounds phase as the court did not find that S.S. violated a court order.  The department argues that "S.S.'s conduct was a perpetration of fraud upon the Court" and "[h]er actions provided adequate cause for sanctions to be imposed."  We agree and conclude that the circuit court did not erroneously exercise its discretion.

¶15     As the circuit court acknowledged, S.S. presented no evidence in the record to suggest that perhaps a misunderstanding occurred.  Instead, all the evidence demonstrates that S.S. conducted an intentional, continuous campaign to perpetrate a fraud upon the court, manipulate the parties in this case, lie to her legal counsel, and create fraudulent medical records.  The purpose of S.S.'s actions appears to be to manipulate the court's calendar and avoid the jury trial on the grounds phase of the TPR proceeding.[7]

¶16     The record supports the court's sanction of granting a default judgment on the grounds phase of the TPR proceeding.  There is no dispute that S.S. lied to the court.  A lie to the circuit court can establish egregious behavior.  *See, e.g.*, *Jones v. Courtyard Apartments, LLP*, No. 2009AP1626, unpublished slip op. ¶9 (WI App May 11, 2010); *see also* WIS. STAT. RULE 809.23(3)(b).  S.S. was aware

---

[7] In reaching its decision to grant the department's motion, the circuit court relied on two unpublished, but authored decisions of this court, *State v. K.C.*, No. 2017AP32, unpublished slip op. (WI App Apr. 25, 2017), and *State v. Marquita R.*, Nos. 2010AP1979, 2010AP1980, 2010AP1981, unpublished slip op. (WI App Dec. 14, 2010), which we also find persuasive, *see* WIS. STAT. RULE 809.23(3)(b).  Like in *K.C.* and *Marquita R.*, S.S.'s conduct was found to be egregious and an intentional effort to delay the proceedings and avoid a decision on the merits.  *See K.C.*, No. 2017AP32, ¶¶20, 31, 35; *Marquita R.*, Nos. 2010AP1979, 2010AP1980, 2010AP1981, ¶¶17, 23.

that the jury trial was scheduled to take place on June 24, 2019, after at least two adjournments. S.S. told counsel that she was "experiencing some extreme physical distress" after purportedly missing several meetings to prepare for trial, knowing that counsel would repeat that information to the court, in order to obtain another adjournment. Over several months, she continued to perpetuate the lie that she had ovarian cancer by falsifying medical documents; lying about a scheduled surgery, both to the court and to the social worker; and refusing to sign off on a release of her medical information to prevent the parties, and by extension the court, from uncovering the lie. Accordingly, we conclude that the record supports the court's finding that S.S.'s actions were egregious and constitute bad faith.

¶17   S.S.'s only argument is that the circuit court did not identify an order that she violated. Under the circumstances and given the court's inherent authority to sanction parties for litigation misconduct, we see no error. *Cf.* WIS. STAT. § 802.05; ***Chambers v. NASCO, Inc.***, 501 U.S. 32, 46 (1991) (explaining that a court's "inherent power extends to a full range of litigation abuses"); ***Lee v. GEICO Indem. Co.***, 2009 WI App 168, 321 Wis. 2d 698, 776 N.W.2d 622 ("[T]he common law in Wisconsin is clear that a trial court has inherent power to sanction a party to maintain the dignity of the circuit court."). In any case, S.S. was ordered by the circuit court to "continue to appear at each and every court date" and was warned at least twice that failure to appear could result in the court entering a default against her. By fraudulently obtaining an adjournment, S.S. failed to appear at the scheduled jury trial date and failed to comply with the court's scheduling order, as the circuit court recognized at the August 2, 2019 hearing. *See* ***State v. Yvette A.***, No. 2012AP548, unpublished slip op. ¶18 (WI App Aug. 14, 2012) (affirming default sanction based on party repeatedly checking herself into hospital to delay court proceedings). S.S. was also told by the court to "continue to cooperate with

[her] respective attorney[]; cooperate with the guardian ad litem[’s] investigation; [and] cooperate with any discovery matters that are ongoing." S.S. violated every one of those directives in order to avoid a trial.

¶18 Further, one of the basic tenets of our legal system is that parties will be truthful and not lie to the court, which, as the circuit court recognized, is so "fundamentally obvious" that it should not "require a formal warning." "There are few, if any, functions of a circuit court more vital in maintaining its dignity or accomplishing the purposes of its existence than ensuring the truthful disclosure of facts…. Accordingly, we believe that a court must be empowered to protect itself from those egregious practices which threaten the dignity of the judicial process." *Schultz v. Sykes*, 2001 WI App 255, ¶12, 248 Wis. 2d 746, 638 N.W.2d 604.

¶19 For the foregoing reasons, we conclude that the circuit court did not erroneously exercise its discretion in finding S.S.'s conduct egregious and granting a default judgment against her at the grounds phase.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.